Richard J. Grabowski (State Bar No. 125666)
Ryan D. Ball (State Bar No. 321772)
Justin Potesta (State Bar No. 314133)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612
(T) 949.851.3939
(F) 949.553.7539
rgrabowski@jonesday.com
rball@jonesday.com
jpotesta@jonesday.com

Attorneys for Non-Party
EXPERIAN INFORMATION SOLUTIONS,
INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAMAN MOTORS, INC. d/b/a BRAMAN BMW, and BRAMAN MOTOR CARS, INC. d/b/a BRAMAN BMW WEST PALM BEACH,<br><br>               Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>               Non-Party. | Case No. 2:20-mc-00025-CJC-JC<br><br>Hon. Jacqueline Chooljian<br><br>**NON-PARTY EXPERIAN INFORMATION SOLUTIONS INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**<br><br>Date: May 7, 2020<br>Time: 9:30 a.m.<br>Courtroom: 750 |

Non-Party Experian Information Solutions, Inc. ("Experian") submits this supplemental memorandum under Central District of California Local Rule 37-2.3 in opposition to Plaintiffs Braman Motors, Inc. d/b/a Braman BMW, and Braman Motor Cars, Inc. d/b/a BMW West Palm Beach's (collectively "Plaintiffs") Motion to Compel.  (ECF Nos. 1, 7.)

## I.   PLAINTIFFS UNREASONABLY DELAYED

As an initial matter, Plaintiffs unreasonably delayed in filing the Joint Stipulation after Experian provided its portion. This is reason enough to deny Plaintiffs' motion.

The Court may properly deny an untimely motion to compel subpoena responses, particularly where the motion does not comply with the timing restrictions imposed by the Local Rules. *See Goodworth Holdings, Inc. v. Suh*, 99 F. App'x 806, 808 (9th Cir. 2004) (holding that "the District Court did not abuse its discretion in denying [a] motion to compel discovery from third parties" where the "motion was untimely" and the plaintiff failed to comply with the local rules). The Central District of California's Local Rules contemplate a straightforward process for preparing and filing a discovery-dispute joint stipulation: (1) the moving party prepares its portion and sends it to the opposing party; (2) the opposing party prepares its portion and sends it back to the moving party within seven days; and (3) the moving party incorporates the opposing party's material into the filing and sends it back to the opposing party for their signature within one business day. *See* C.D. Cal. L.R. 37-2.2. Authoritative treatises have emphasized that a moving party does not have an unlimited time to finalize and file the joint stipulation after receiving the opposing party's portion. *See* Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial at 11:2371 ("Moving party's counsel must prepare its portion of the joint stipulation and submit it to opposing counsel, who has seven days to add the opposing party's contentions, etc. The joint stipulation must be *completed and signed by the end of the next business day* so that it can be filed with the notice of motion." (emphasis added)).

1    Plaintiffs failed to adhere to these rules. Experian's counsel sent Plaintiffs'
2    counsel Experian's portion of the Joint Stipulation on February 20, 2020.
3    (Declaration of Ryan D. Ball ("Ball Decl.") at ¶ 2.) Plaintiffs waited almost *three*
4    *weeks* to return the final version of the Joint Stipulation to Experian, after correcting
5    several "typographical" errors. (*Id.* at ¶ 3, Ex. 1.) When Experian's counsel pressed
6    Plaintiffs' counsel on Plaintiffs' delay in filing the Joint Stipulation, Plaintiffs'
7    counsel vaguely explained that the "delay was due in large part to getting the case
8    initiated and obtaining a case number and because of several other exigent
9    circumstances." (*Id.* at ¶ 4, Ex. 1.) But opening a civil case in the Central District of
10   California does not take anywhere close to three weeks, and Plaintiffs' unsupported
11   citation to "other exigent circumstances" does not suffice. Simply put, by their
12   unjustifiable delay, Plaintiffs gave themselves a unilateral three-week extension to
13   review and respond to Experian's arguments. This practice is both prejudicial to
14   Experian and completely inconsistent with the Local Rules.

15   This is but the most recent example of Plaintiffs' inexcusable delay in
16   prosecuting their subpoena, which they served on Experian *over a year ago* on April
17   18, 2019. (ECF No. 7 at 23.) At every turn, Experian has responded to the subpoena
18   completely and in good faith. Yet Plaintiffs and their attorneys have resorted to
19   carelessness and unreasonable delay. After initially conferring with Plaintiffs about
20   the scope of their subpoena, Experian produced documents to Plaintiffs on June 19,
21   2019. (*Id.* at 24.) In response, Plaintiffs did *nothing* for almost three months. (*Id.*)
22   Then, in a September 3, 2019 letter to Experian, Plaintiffs abruptly shifted course,
23   expanding the scope of their subpoena and demanding documents beyond what they
24   previously sought. (*Id.*) After again conferring about the scope of Plaintiffs'
25   subpoena, the parties agreed that Experian would run Plaintiffs' search terms to
26   discharge its obligations under the subpoena. (*Id.*) Plaintiffs crafted the search terms,
27   purportedly to return all documents they needed to litigate the underlying case. (*Id.*)
28   Experian ran Plaintiffs' proposed terms, and on November 12, 2019, sent Plaintiffs

SUPPLEMENTAL MEMORANDUM
Case No. 2:20-mc-00025-CJC-JC

an additional 438 documents. (*Id.* at 25.) Then, *four months* later—and notwithstanding the parties' prior agreement otherwise—Plaintiffs again sought more. But Plaintiffs crafted the search terms and agreed that running them would satisfy Experian's obligations. Thus, any failure in those search terms is in no way Experian's fault. After a full year of litigating this subpoena—requiring Experian to incur significant fees and expenses—Experian's obligations in response to Plaintiffs' haphazard litigation practices are more than satisfied. *See United States v. C.B.S., Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party"). The Court should therefore deny Plaintiffs' delayed motion to compel.

## II.   PLAINTIFFS AGREED TO FOREGO FURTHER DISCOVERY

Plaintiffs' motion fails for the additional reason that it is inconsistent with their prior agreement that Experian satisfied its obligations under their subpoena. As shown in Experian's portion of the Joint Stipulation, Plaintiffs agreed to forego additional discovery if Experian would run Plaintiffs' search terms against its internal records and produce responsive documents. (*See* ECF No. 7 at 26-28.) Experian did so. (*Id.* at 25.) Yet Plaintiffs' motion completely ignores this agreement. And Plaintiffs have never denied the existence of the agreement—either in their Joint Stipulation or in the correspondence between counsel—despite Experian's counsel raising it in writing multiple times before Plaintiffs filed their motion to compel.[1] (*See, e.g.*, ECF No. 7-3 at 112-13, 117.)

Simply put, the Court should reject Plaintiffs' attempt at a second bite at the apple. Experian ran Plaintiffs' proposed searched terms in good faith and produced

---

[1] Experian notes that the Joint Stipulation is signed on Plaintiffs' behalf by an associate attorney who has never before been involved in this matter. (*See* ECF No. 7 at 34.) The attorney who reached the agreement with Experian's attorneys, associate Charles Gallaer, apparently has no further involvement in this case, despite apparently remaining at the law firm representing Plaintiffs in this matter. *See* https://www.arentfox.com/attorneys/charles-gallaer; *see also* ECF No. 7-3 at 102-03.

numerous documents in response. If Plaintiffs wanted other documents, they should have designed their search terms more appropriately on the front end, rather than needlessly inflict expenses on Experian, which is not a party to Plaintiffs' lawsuit. *Cf.* Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").

## III.   PLAINTIFFS FAILED TO SUBSTANTIATE THEIR ARGUMENTS

Plaintiffs also failed to support, with any kind of evidence, the majority of their arguments in support of their motion to compel. Importantly, Plaintiffs argue that BMW has "asserted that it does not have access to [the VIO] data directly due to its purported agreements with Experian." (ECF No. 7 at 22.) Yet Plaintiffs did not support this argument, and any attempt to belatedly do so in their supplemental brief would be untimely. Plaintiffs also argue that "the production of documents should not require extensive time or effort." (*Id.* at 21.) Not only does this argument ignore the significant burden Experian has *already* undertaken in responding to Plaintiffs' ever-shifting subpoena, *see id.* at 32-33, Plaintiffs offer absolutely no evidence to support their conjecture on this point. Experian, on the other hand, has produced unequivocal evidence showing the significant burden that would be imposed by Plaintiffs' requests in their current form. (*See* ECF No. 7-2 at 54-58.) Simply put, Plaintiffs' unsupported arguments are not grounds enough to grant their faulty motion.

## IV.   PLAINTIFFS MUST PAY EXPERIAN'S COSTS

Plaintiffs also must pay Experian's costs of complying with the subpoena. The default rule in this context is that a subpoenaing party must pay any significant costs incurred by the responding party. *See Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184-85 (9th Cir. 2013). As explained in the Joint Stipulation, Experian has already incurred over $86,712.51 in costs and fees through December 2019 in this matter, of which approximately $20,278.86 was associated with Experian's counsel's review

SUPPLEMENTAL MEMORANDUM
Case No. 2:20-mc-00025-CJC-JC

and production of documents and $465.09 was associated with document hosting costs. (*See* ECF No. 7-2 at ¶ 16.) The Court should award Experian these costs, along with any additional costs incurred due to any further production this Court may require. *See Legal Voice*, 738 F.3d at 1184-85.

## CONCLUSION

The Court should deny Plaintiffs' motion to compel and issue an order concluding that Experian has completely satisfied its obligations under the subpoena and awarding Experian its expenses incurred in responding to the subpoena, including the attorney fees related to reviewing and producing documents.

Dated: April 23, 2020                     JONES DAY


                                          By: */s/ Ryan D. Ball*
                                              Ryan D. Ball

                                          Attorneys for Non-Party
                                          EXPERIAN INFORMATION
                                          SOLUTIONS, INC.